## Zurick v. Rumberger

*Sidney Apfelbaum* and *Leonard R. Apfelbaum,* for plaintiff.

*Eugene Mirarchi,* for defendants.

*Sanford S. Marateck,* for intervenor.

MOSER, J., February 1, 1971.—On September 25, 1969, the County Commissioners of Northumberland County (defendants) filed a petition in this court under the Act of May 21, 1937, P. L. 787, as amended, 72 PS §5778a, et seq., for the approval of a proposed compromise and private sale of .36 acres of land, surface only, located in Coal Township, Northumberland County. The property was purchased by the county in 1940 at a sale for nonpayment of taxes and had not been redeemed during the redemption period or prior to the filing of the petition. An offer to purchase the property for the sum of $400 and costs was received by defendants, and they resolved to accept the offer subject to the approval of court.

On receipt of the petition, the court ordered that a hearing thereon be held on November 6, 1969, and that defendants receive open bids until 4 p.m. on November 5, 1969. In its order, the court directed

that notice of the proceeding be given to interested municipalities, and also that public notice of the hearing and the right to bid on the property be given by public advertisement. Thereafter, but prior to the date fixed in the order, defendants received an offer from Walter Cook in the amount of $550 and costs, as a second bid for the property in question.

At the hearing, defendants presented testimony indicating that the procedural requirements of the Act of 1937, as amended, supra, had been followed by defendants in processing the initial offer and the subsequent open bid for the purchase of the property. John Bitterman testified to his employment by defendants as Real Estate Director for Northumberland County, and placed a value of at least $500 on the property, based on his real estate valuation experience.

The county solicitor stated:

". . . In view of the fact that there have been two bids made for this particular parcel of land, I move that the Court direct that the County Commissioners receive sealed bids for this particular parcel."

The hearing was concluded with the following remarks of the court:

". . . In view of the fact that there are two bids in this proceeding, the present sale is continued pending action by the County Commissioners to accept sealed bids for the property involved until 10:00 o'clock a.m., on November 19, 1969, no bid to be less than $550.00, and thereafter, to make sale of the premises to the highest bidder without further notice. The notice of accepting sealed bids shall be given to the persons who have presented bids in this transaction up to this time."

A notice that the county commissioners would accept sealed bids for the property, in accordance with the above direction of the court, was forwarded to the initial offeror, Raymond A. Mix (intervenor), and to the subsequent bidder, Walter Cook, as parties in interest. On or prior to November 19, 1969, the initial offeror, Raymond A. Mix (intervenor), filed a sealed bid with the county commissioners in the amount of $901, but no sealed bid was received from Walter Cook, the subsequent bidder. Within the allowed period, however, the commissioners did receive a sealed bid from Gertrude Zurick (plaintiff), offering to purchase the property for $903.

The sealed bid for $903 tendered by plaintiff, was rejected by the county commissioners on the basis that she was not qualified to tender a sealed bid, since she had not submitted a bid up to the time of hearing, and, accordingly, had not been invited to submit a sealed bid under the court order dated November 5, 1969. The commissioners accepted the sealed bid for $901 tendered by Raymond A. Mix (intervenor), and prepared to execute and deliver to him a deed for the tract of land here involved. Further action by the commissioners was halted, however, pending a decision in this action in mandamus brought by plaintiff to compel defendants to prepare, execute and deliver to plaintiff a deed for the property mentioned. Raymond A. Mix, by petition and rule, has been allowed to intervene as a party defendant in the proceeding. After the filing of the complaint and answers thereto, the parties entered into a stipulation setting out the agreed facts which were made part of the record. The matter has been presented to the court for decision on plaintiff's motion for

summary judgment, following oral and written arguments thereon.

The proceedings in this case were under the Act of May 21, 1937, P. L. 787, as amended, 72 PS §5878(b)(c)(d), providing for the private sale of lands purchased by the county commissioners at a treasurer's sale where the period of redemption has expired, for amounts less than the taxes due, with the approval of court, after hearing. All of the provisions of this statute have been complied with in respect to the proposed sale under consideration.

This act makes no provision as to the procedure in instances where a bid higher than the original offer is received subsequent to the filing of the petition but prior to the hearing thereon. In the instant case, the court followed the procedure referred to by a former judge of this court in In re Private Sale of County Owned Lands, 38 Northumberland 126, 129, 130, "This procedure has been followed by this Court for almost twenty years in similar situations. . . . As was customary where a better bid was received prior to the time of hearing on the petition to approve the sale, the Court ordered that sealed bids be received . . . and the property awarded to the highest bidder."

Plaintiff complains, however, that the court had no authority to direct that "The notice of accepting sealed bids shall be given to the persons who have presented bids in this transaction up to this time." The comment of the court in In re Private Sale of County Owned Lands, supra, applies to the situation before us, page 131: "The Court is of the opinion that it adopted the only fair method of permitting prospective purchasers to have a chance to purchase the prop-

erty. In the case of In Re: Sale of Lands in Union Township, 47 D. & C. 253, the Court directed that the parties interested be allowed to appear before the county commissioners and bid for the property within a specified time, where a higher bid was received at the time fixed for the hearing on the petition for the approval. In the present case there were evidently only two people interested in the purchase of this property, and by permitting them to submit sealed offers to purchase, no bid to be less than the highest offer obtained in the prior proceeding, the court's procedure was fair not only to the bidder but also to the county."

At the conclusion of the hearing before the court in the instant case, it appeared that only the original offeror, Raymond A. Mix (intervenor), and the subsequent bidder, Walter Cook, were interested in the purchase of the property. The direction by the court that notice of accepting sealed bids be given to the persons who had presented bids in the transaction up to that time, was intended to limit such notice to those two people. As already indicated, this procedure had been followed for many years in similar situations in this county. Furthermore, by submitting their initial bid, these two persons attained the status of parties in interest in this proceeding, and, as such, were entitled to notice of the sealed bidding even without court direction.

On the other hand, not having submitted any bid to purchase the property prior to the hearing, Gertrude Zurick, plaintiff, cannot claim that she was a party in interest in this proceeding at the time of hearing, nor that she was entitled to notice of the

sealed bidding on that ground. Plaintiff argues that the public should be entitled to submit offers to purchase at any stage of a proceeding for the sale of county-owned land, because of the public interest involved.

This argument loses sight of the fact that the Act of 1937, supra, requires that notice of the hearing be given by publication, thus inviting members of the public to become parties in interest by submitting offers to purchase the property. To comply with the contention of plaintiff would make a second publication necessary in instances where more than one bid was received prior to the hearing. We think that a proper answer to this position appears in Private Sale of County Owned Lands, supra, page 133: "To permit such bids to be made at any time an individual may see fit would create chaos and uncertainty in the disposal of such lands which should be returned to the tax rolls wherever possible."

Plaintiff refers to the formal order of court setting out the sealed bidding procedure and points out that it contains nothing to restrict the notice of sealed bidding, or the bidding itself, to any particular person or persons. On this basis, plaintiff claims the county commissioners acted improperly in rejecting her sealed bid. Admittedly, the final sentence of the concluding remarks of the court at the hearing did restrict such notice to such persons bidding up to that time, but such limitation was omitted from the formal order of court.

Since due and timely notice of the various steps in a legal proceeding must be given to the parties in interest, the request of the county commissioners that the court direct sealed bidding included, without specific mention, that the bidding be among the parties in interest and that they be so notified. If sealed bids

were to be invited from others than parties in interest, fairness would require that it be done by public advertisement. There is nothing in the record of this proceeding to indicate to the court that the public should be invited to tender sealed bids, nor was any request for such action presented by or on behalf of plaintiff. Under these circumstances, the usual procedure of notifying only parties in interest was proper in the present case, even though no specific direction to that effect was contained in the formal order authorizing sealed bidding.

Plaintiff complains that the court would commit a manifest abuse of the discretion lodged in it by the statute if it approved the sale to Raymond Mix (intervenor) under the circumstances presented by this record and in the face of the higher bid by plaintiff. A similar argument was rejected by the court in Appeal of Imperial Cardiff Coal Co., 156 Pa. Superior Ct. 301, 305, 40 A. 2d 163. "It should be noted that the statute does not prohibit the approval of a sale at a figure less than the highest possible price that could be obtained by the municipality . . . The criterion by which the court is to gauge the merits of a proposed sale is not established as the largest sum which the property will bring, but rather, whether the prospective terms of sale 'satisfy' that Court that the bargain is 'proper and to the advantage of all the taxing authorities interested.' Therefore, it cannot be said as a matter of law that an outstanding higher bid makes the approval of a sale under the statute erroneous where other circumstances have successfully appealed to a sound judicial discretion."

We conclude that under the situation here present, the sealed bid of $901 may be accepted, although a higher bid of $903 has been tendered by plaintiff.

Plaintiff claims the right to submit a sealed bid

since Walter Cook allegedly acted as her agent in submitting an offer of $550 prior to the hearing, as a second bid for the property. Admittedly, the fact of agency was not revealed in any way on the record or at the hearing. Notice of the sealed bidding was given to Walter Cook, but it does not appear whether he informed plaintiff of this fact or not. We are not convinced that such an alleged undisclosed agency situation entitled plaintiff to notice of the sealed bidding or rendered her a qualified sealed bidder.

Under all the circumstances presented in this case, the court finds no basis for directing defendants, William J. Rumberger, Oscar E. Kehler and Lawton W. Shroyer, County Commissioners of Northumberland County, to prepare, execute and deliver a deed to plaintiff for the real estate involved in this proceeding.

## ORDER

And now, February 1, 1971, the motion of plaintiff for summary judgment is denied, and the prayer of the mandamus complaint is refused and judgment is entered for defendants.

Appropriate exceptions are noted for plaintiff.